# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **RICKY WHITE,** a/k/a **RICKEY WHITE,** | ) ) ) |
| Petitioner, | ) ) |
| v. | )  **Case No. CIV 19-080-JHP-KEW** |
| **JOE M. ALLBAUGH, DOC Director,** | ) ) ) |
| Respondent. | ) ) |

## OPINION AND ORDER

On March 8, 2019, Petitioner, a pro se prisoner who is incarcerated at Davis Correctional Facility, filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. He again is challenging his conviction for First Degree Murder in Choctaw County District Court Case No. CRF-81-83. Petitioner's Judgment and Sentence was affirmed in *White v. State*, 702 P.2d 1058 (Okla. Crim. App. 1985). Since then, he has filed more than 20 unsuccessful habeas corpus petitions and at least six requests for authorization to file a second or successive § 2254 habeas petition. *See In re: Ricky White*, No. 19-6026, slip op. at 1 (10th Cir. Mar. 29, 2019).[1]

The record shows Petitioner previously challenged his conviction and sentence in this Court in a habeas corpus petition filed on February 9, 2000, in Case No. CIV 00-075-FHS-KEW. The petition was denied on March 31, 2003, as barred by the statute of limitations, and on October 22, 2003, the Tenth Circuit Court of Appeals dismissed the appeal in Case No. 03-7054. There is no indication Petitioner has requested and obtained from the Tenth Circuit authorization to file this second or successive § 2254 petition.

> When a second or successive § 2254 . . . claim is filed in the district court without the required authorization from [the circuit court of appeals], the district court may transfer the matter to [the circuit] court if it determines it is

---

[1] The Court takes judicial notice of the PACER federal court records available on the internet.

in the interest of justice to do so under § 1631, or it may dismiss the motion or petition for lack of jurisdiction.

*In re Cline*, 531 F.3d 1249, 1252 (10th Cir. 2008) (citations omitted). *See also Phillips v. Seiter*, 173 F.3d 609, 610 (7th Cir. 1999) (noting that it is a waste of judicial resources to require the transfer of frivolous, time-barred cases). Because Petitioner has failed to obtain authorization from the Tenth Circuit Court of Appeals to file a second or successive § 2254 petition, this challenge to his sentence is dismissed for lack of jurisdiction.

**ACCORDINGLY,** petitioner's successive challenge to his sentence under 28 U.S.C. § 2254 is DISMISSED WITHOUT PREJUDICE for lack of jurisdiction.

**IT IS SO ORDERED** this 19th day of April, 2019.

_____
James H. Payne
United States District Judge
Eastern District of Oklahoma