# IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| RICKY WHITE, a/k/a RICKEY WHITE, | )<br>)<br>) |
| Petitioner, | )<br>) |
| v. | ) Case No. CIV 19-080-JHP-KEW<br>) |
| JOE M. ALLBAUGH, DOC Director, | )<br>) |
| Respondent. | )<br>) |

## OPINION AND ORDER

On April 19, 2019, the Court dismissed without prejudice Petitioner's successive petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 for lack of jurisdiction (Dkt. 11). Petitioner subsequently filed a motion for certificate of appealability and for an evidentiary hearing to resolve factual allegations (Dkt. 13).

To obtain a COA, a petitioner must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

> [W]hen the district court's decision rests on procedural grounds, such as a determination that a pleading presents unauthorized second or successive habeas claims, . . . the applicant must show both "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."

*Small v. Milyard*, 488 F. App'x 288, 290, 2012 WL 2626923, at *2 (10th Cir. 2012) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

After careful review, the Court finds Petitioner has failed to meet the burden for issuance of a COA. The Court further finds an evidentiary hearing cannot be held in this closed case.

**ACCORDINGLY,** Petitioner's motion for certificate of appealability and for an evidentiary hearing (Dkt. 13) is DENIED.

**IT IS SO ORDERED** this 3rd day of May 2019.

_____
James H. Payne
United States District Judge
Eastern District of Oklahoma